59 CCPA

**ASIATIC PETROLEUM CORP.,**
**Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5404.**

United States Court of Customs
and Patent Appeals.

Nov. 11, 1971.

Joseph F. Donohue, Donohue & Shaw, New York City, attorneys of record, for appellant.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Martin L. Rothstein, New York City, for the United States.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision and judgment of the United States Customs Court, Third Division,[1] overruling appellant's protest and holding that the imported Shell Alexia Oil had been lawfully assessed, upon reliquidation, with duty at the rate of 10% ad val., under paragraph 1558 of the Tariff Act of 1930, as nonenumerated manufactured articles. Appellant contends that the reliquidation is void for failure to give notice as required by section 315(d), Tariff Act of 1930, as amended. In order to fully understand the issues on appeal, we think it necessary to set forth the background leading up to this appeal.

Lubricating oil similar to that involved herein had for some time prior to December 4, 1959 been assessed with duty by collectors at 10% ad val. under para. 1558. On that date the Customs Court in Asiatic Petroleum Corp. v. United States, 43 Cust.Ct. 252, C.D. 2137 (1959), appeal dismissed, 47 CCPA 173 (1960), the record of which is incorporated herein, held that the merchandise was entitled to free entry under paragraph 1733 of the Tariff Act of 1930 as a distillate of petroleum. In May 1961, after the importer had been

1. 64 Cust.Ct. 47, 309 F.Supp. 1006, C.D. 3958 (1970).

notified by the office of the Assistant Attorney General that it would refuse to stipulate the then pending protests in accordance with the aforementioned decision and that it intended to try a new case on the issue, the importer moved a second case for trial (protest No. 60/12406). At that trial, the record of which is also incorporated herein, the importer incorporated the record in C.D. 2137 and rested. The United States then introduced testimonial evidence to support its position. After the case was submitted by both sides, but before the briefs were filed, the importer abandoned the case and subsequent thereto abandoned all the then pending protests. Throughout the period of time between the two trials, some entries of the oil were liquidated duty free under para. 1733, others were liquidated at 10% ad val. under para. 1558, and yet others (including the entry of October 26, 1960, which is the one involved in the present protest) were withheld from liquidation pending the outcome of the second test case (i. e., protest No. 60/12406) involving the oil.

On November 15, 1961, importer's attorney requested that the Commissioner of Customs find that duty-free entry was the "established and uniform practice," that he direct the collectors of customs to follow that practice, and that he issue a notice under section 315(d) if Shell Alexia Oil were to be classified under para. 1558. On February 5, 1965, the Acting Commissioner of Customs wrote the collector of customs at New York, stating:

Reference is made to Asiatic Petroleum Corp. v. United States, 43 Cust. Ct.Rept. 252, CD 2137 (December 4, 1959), holding certain "Shell Alexia Oil A" to be properly free of duty under the provisions of paragraph 1733, Tariff Act of 1930.

The Bureau has given extensive consideration to the tariff treatment to be accorded unliquidated entries, made before August 31, 1963, which cover merchandise of the type which was the subject of CD 2137.

In view of the existence of an established and uniform practice and no court decision requiring a different result, it is our conclusion that these entries should be liquidated classifying the merchandise as distillates obtained from petroleum, free of duty under paragraph 1733, in accordance with the court's decision.

This letter is being circulated to all customs officers.

On March 12, 1965, the present entry was liquidated free of duty in accordance with this letter. However, on April 2, 1965, the Acting Commissioner of Customs sent the following telegram to the collector at New York:

Re my letter February 5, 1965 (TC 344.3B), (C.I.E. 265/65) about "Shell Alexia Oil A." The Bureau has reconsidered the matter and has decided there is a court decision requiring the entries to which that ruling was applicable to be liquidated (or reliquidated) dutiable. Accordingly, the instructions in that letter are hereby rescinded. Proceed immediately to liquidate (or reliquidate) entries of "Shell Alexia Oil A," which were subject to the ruling of February 5, 1965 (TC 344.3B), under paragraph 1558, Tariff Act of 1930, at 10 percent ad valorem, plus 2 cents per gallon, section 4521, Internal Revenue Code. A copy of this decision is being sent to all collectors of customs to insure uniform treatment.

In accordance with these instructions the importation was reliquidated on April 16, 1965 at 10% ad val. under para. 1558, and the present protest followed.

Section 315(d), about which the issues herein revolve, reads:

No administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice shall be effective with respect to articles entered for consumption or

withdrawn from warehouse for consumption prior to the expiration of thirty days after the date of publication in the weekly Treasury Decisions of notice of such ruling; but this provision shall not apply with respect to the imposition of anti-dumping duties.

Both parties agree that the primary issue before this court is whether the Secretary of the Treasury (or his delegate) has made a "finding" of "an established and uniform practice" pursuant to section 315(d). If there was such a finding, then the reliquidation involved in the present protest is void since it was made pursuant to an administrative ruling imposing higher duties and without giving notice under section 315(d).

A majority of the Customs Court found that there had been no such "finding" and, therefore, there was no need to give notice under section 315(d). There were several reasons given for reaching this conclusion. Judge Landis, who authored the principal opinion, stated that there could not have been a finding of an established and uniform practice because there was no such practice in regard to the classification of Shell Alexia Oil. Judge Landis also felt that the letter of February 5th did not purport to make such a finding, and Chief Judge Rao, in his concurring opinion, expressed a similar view. Judge Richardson, on the other hand, dissented on the ground that there was no need to look at the surrounding circumstances since the letter of February 5, 1965, on its face, was a "finding" of an established and uniform practice.

■■ After reviewing the record in this case as well as the briefs and arguments of counsel, we find that we are in agreement with the well-reasoned dissent of Judge Richardson and we adopt his opinion as our own. In addition to what Judge Richardson stated in his opinion, we might add that if as the

United States argues, the letter of February 5th was not intended to be a "finding" under section 315(d), then certainly the Acting Commissioner of Customs could have found a better way to express himself. As it is, by use of the exact language of section 315(d), the impression is clearly given that a "finding" under that section was intended. Since there was a "finding" and the goods in question were liquidated in accordance with it, we do not think it can be withdrawn or explained away and the goods reliquidated (as the Acting Commissioner of Customs attempted to do in his telegram of April 2, 1965) merely because it is decided that a "finding" should not have been made.

■ Finally, we think that appellant is entitled to rely on this "finding" and the subsequent liquidation of the goods pursuant to it. Appellee contends that appellant should be estopped from reliance on the February 5th letter since appellant knew that there was in fact no uniform and established practice and was itself partially responsible for the confusion that existed relative to the classification of Shell Alexia Oil. If appellant was not in good faith and no uniform and established practice existed, and appellant knew it (all of which are highly questionable assumptions), then no "finding" of an established and uniform practice should have been made in the first place. All of the facts in this regard were available to the Acting Commissioner of Customs and yet he issued his "finding" anyway and ordered the goods liquidated pursuant to it. These things having occurred, we will not examine his reasons for doing so. The reliquidation was for these reasons invalid.

Accordingly, we reverse the decision and judgment of the court below.

Reversed.

WORLEY, C. J., took no part in the decision of this case.